Steven T. Lowe, Esq. SBN 122208
Kris LeFan, Esq., SBN 278611
LOWE & ASSOCIATES, P.C.
11400 Olympic Blvd., Suite 640
Los Angeles, CA 90064
Telephone: (310) 477-5811
Facsimile: (310) 477-7672
kris@lowelaw.com

Timothy T. Wang
Texas Bar No. 24067927 (*pro hac vice* application forthcoming)
twang@nilawfirm.com
**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 310
Dallas, TX 75231
Tel: (972) 331-4603
Fax: (972) 314-0900

*Attorneys for Plaintiff*
Lujiazui International Financial Asset Exchange, Co., Ltd.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Lujiazui International Financial Asset Exchange, Co., Ltd.,<br><br>Plaintiff,<br><br>v.<br><br>Apple, Inc.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR (1) FEDERAL FALSE REPRESENTATIONS, (2) FEDERAL UNFAIR COMPETITION, (3) CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT, (4) CALIFORNIA UNFAIR COMPETITION, AND (5) CALIFORNIA UNFAIR BUSINESS PRACTICES** |

Plaintiff Shanghai Lujiazui International Financial Asset Exchange, Co., Ltd. ("Lufax" or "Plaintiff") complains and alleges as follows against Defendant Apple, Inc. ("Apple" or "Defendant"):

LEGAL28137918.7

**PRELIMINARY STATEMENT**

1. Lufax brings this action to enjoin Apple from distributing, via its iTunes App Store, a counterfeit iOS application that illegally appropriates Lufax's trademark and business name for the purpose of criminally defrauding Lufax's customers.

2. Lufax is the well-known Chinese leader in wealth and financial asset management. It is a subsidiary of Ping An ("平安" in Chinese) Insurance (Group) Company of China, the second largest insurance company in China.

3. Lufax is commonly called and identified as "陆金所," its Chinese abbreviation. It is also the legal owner of the trademark registration bearing the same name ("Lufax Mark"). *See* Exhibit A attached hereto. Lufax offers its own smart phone app named "平安陆金所" ("Lufax App") through Apple's App Store. *See* Exhibit B attached hereto. The first two words of the app title is the Chinese name of its parent company, Ping An Insurance (Group) Company of China.

4. The Lufax App allows its customers to access and manage their assets at Lufax. It was first made available on March 19, 2013. The Lufax App is available for download and use worldwide through Apple's iTunes App Store, including residents in this District.

5. On and about August 8, 2014, Lufax discovered another app also named "陆金所 APP." (Developer: zihan liu; Apple ID: 891256623; referred to hereinafter as the "Counterfeit App") *See* Exhibit C attached hereto. The Counterfeit App, without authorization or license from Lufax, copies Lufax's well-known Chinese name and trademark with a generic suffix "APP." The Counterfeit App fraudulently represents itself as "陆金所," *i.e.*, Lufax. The developer's name appears to be a Chinese individual named "zihan liu," who has no relationship or authorization from Lufax for developing and offering this app. This Counterfeit App has been made available at Apple's iTunes App Store since at least July 29, 2014.

6. Continuing to allow this Counterfeit App available at Apple's iTunes App Store poses a tremendous risk for Lufax and its customers. Lufax is the leading provider of financial assets management in China. It has a huge client base, including customers overseas, and manages a significant amount of financial assets. Lufax's customers could mistakenly download this Counterfeit App as a legitimate one from Lufax. The risk of fraud and potential loss for Lufax's customers is significant.

7. On August 8, 2014, about one week after this Counterfeit App became available at Apple's iTunes App Store, Lufax reached out to Apple and filed an official online complaint to request an immediate removal. *See* Exhibits D attached hereto. Other than an initial acknowledgement of the receipt of Lufax's complaint, no action has been taken by Apple after more than two months.

8. On October 15, 2014, Lufax's U.S.-based counsel contacted Apple's iTunes Legal again and made it clear that the Counterfeit App not only infringes Lufax's intellectual property rights, but also poses a significant risk because its apparent criminal intent to defraud Lufax's customers. *See* Exhibit E attached hereto. Lufax's counsel further followed up with additional emails on October 23 and 28, 2014. No response was received until October 29, 2014, when Apple replied and simply refused to remove the Counterfeit App. Instead, Apple insisted that Lufax resolve the issue directly with the developer of the Counterfeit App.

9. Lufax has repeatedly attempted to contact the developer of the Counterfeit App since its first discovery of the app. However, the developer never responded.

10. Upon further investigation, Lufax discovered that this solo developer appears to operate a large scale scam operation in China whose sole purpose is to manufacture fake apps in attempts to defraud customers of well-known businesses. For example, this developer also published fake apps simply by attaching the word "App" to well-known business names. For

example, this developer publishes an app for the Sotheby's by adding the "App" suffix to Sotheby's official Chinese name. *See* Exhibit F attached hereto. The counterfeit Sotheby app also fraudulently represents that the application is for official Sotheby's business.

11. Lufax's counsel submitted all his communications and the fruits of his investigation of the Counterfeit App to Apple on November 3, 2014. Apple has not responded before the filing of this Complaint.

12. Because of the significant risks posed by this the Counterfeit App, and other fraudulent apps, Lufax now requests an order from this Court enjoining Defendant Apple from using and/or distributing the Counterfeit App from its App Store and any other online shops operated by Apple or its affiliates.

13. Apple's past and continuing distribution of the Counterfeit App has led to false representations and unfair competition in violation of the Lanham Act. Its acts also infringe the common law trademark under California Law and violate the California statutes prohibiting unfair competition, and unfair business practices.

**PARTIES**

11. Plaintiff Lufax is a limitation company organized under the laws of China having a principal place of business at 13th Floor, 1333 Lujiazui Loop, Pudong, Shanghai, China.

12. On information and belief, Defendant Apple Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1 Infinite Loop, Cupertino, CA 95014. On information and belief, Apple may be served via its registered agent, CT Corporation System, 818 West Seventh St., 2nd Floor, Los Angeles, CA 90017.

## JURISDICTION AND VENUE

13. This Complaint alleges causes of action for false designations of origin and false descriptions under the Lanham Act, 15 U.S.C §1051 *et seq.*, and trademark infringement and other wrongful activities under California law and the common law.

14. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C § 1367.

15. This Court has personal general jurisdiction over Defendant Apple pursuant to Cal. Civ. Proc. Code § 410.10 because, on information and belief, Apple has committed and continues to commit acts of infringement in violation of 15 U.S.C §1125 by offering the Counterfeit App to the public within this District, and places the infringing product into the stream of commerce, with the knowledge or understanding that such product is sold in the State of California, including this District. The acts by Apple cause injury to Lufax within California, including in this District, where Apple maintains its principal place of business.

16. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims at issue occurred in this District and because Defendant Apple is subject to this Court's personal general jurisdiction in this District.

## **FIRST CAUSE OF ACTION**

(False Representations Under Section 43(a)(1)(b) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(b))

17. Plaintiff repeats and realleges each and every allegations in the foregoing paragraphs as if fully set forth herein.

18. Apple's actions, including but not limited to its unauthorized, false, and misleading use of the Lufax Mark and the "陆金所" name in commerce, constitute a false designation of origin, false and misleading descriptions of fact, and false and misleading representations of fact in commercial advertising or promotion misrepresenting the nature,

characteristics, qualities and/or geographic origin of its goods, services and/or commercial activities in violation of Section 43(a)(1)(b) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(b).

19. Apple's actions have caused, and unless restrained, will continue to cause great and irreparable injury to Plaintiff and its customers, and to the business and goodwill represented by the Lufax Mark in the amount that cannot currently be calculated, leaving Plaintiff with no adequate remedy at law. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C § 1116.

20. Apple's intentional and willful actions, including its unauthorized, false and misleading use in commerce of the Lufax Mark has caused Plaintiff extensive damages. Plaintiff is entitled to recover Apple's profits derived from its use of the Lufax Mark, any damages Plaintiff has sustained as well as any costs Plaintiff has incurred in pursuing this action, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1117.

### SECOND CAUSE OF ACTION

(Unfair Competition Under Section 44(h) of the Lanham Act, 15 U.S.C. § 1126(h))

21. Plaintiff repeats and realleges each and every allegations in the foregoing paragraphs as if fully set forth herein.

22. Plaintiff is a Chinese limited company.

23. China and the United States are all parties to the Madrid Agreement Concerning the International Registration of Marks and the World Trade Organization's Agreement on Trade-Related Aspects of Intellectual Property Rights. China and the United States are both parties to the Paris Convention of Protection of Industrial Property. These conventions and treaties relate to intellectual property and the suppression of unfair competition.

24. As such, Plaintiff is entitled to protection against unfair competition relating to the trademark it has registered in China.

25. Apple has intentionally and willfully distributed the Counterfeit App that infringes Plaintiff's registered trademark in China.

26. Apple's unauthorized use of the Lufax Mark in commerce constitutes a false designation of origin, false and misleading descriptions of fact and false and misleading representation of facts.

27. Apple's use in commerce of the counterfeit, reproduced, copied and imitation versions of Plaintiff's Lufax Mark registered in China in connection with the sale, offering for sale, distribution, and/or advertising of the Counterfeit App is likely to cause confusion, or mistake, and/or to deceive consumers, and Apple intended to cause such confusion, mistake and/or deception.

28. Pursuant to 15 U.S.C. § 1126(h) and § 1117, Plaintiff requests that damages be awarded to recover any amount that Apple has obtained in profits made through its infringement and damages sustained by Plaintiff. Because Apple has intentionally infringed Plaintiff's Lufax Mark, Plaintiff requests treble damages. Plaintiff also requests that it is be awarded the costs it expended in bringing this action, including but not limited to attorneys' fees. These damages are appropriate to repress Apple's acts of unfair competition pursuant to 15 U.S.C. § 1126(h) and § 1117.

**THIRD CAUSE OF ACTION**

(Common Law Trademark Infringement Under California Law)

29. Plaintiff repeats and realleges each and every allegations in the foregoing paragraphs as if fully set forth herein.

30. Plaintiff used and is using the mark ""陆金所" in the state of California, including this district. It owns the rights in the mark "陆金所" under the common law of California.

31. Apple's acts as described above constitute infringement of the Lufax Mark resulting in damages to Plaintiff in violation of California common law as preserved in Cal. Bus. & Prof. Code § 14259.

## FOURTH CAUSE OF ACTION

(Unfair Competition Under California Law)

32. Plaintiff repeats and realleges each and every allegations in the foregoing paragraphs as if fully set forth herein.

33. Apple's acts as described above violate California's unfair competition statutes, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

## FIFTH CAUSE OF ACTION

(Unfair Business Practices Under California Law)

34. Plaintiff repeats and realleges each and every allegations in the foregoing paragraphs as if fully set forth herein.

35. Apple's acts as described above violate California's unfair business practices statutes, Cal. Bus. & Prof. Code §§ 17000, *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A permanent injunction enjoining Defendant and its officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from:

    a. distributing, circulating, importing, offering for sale, soliciting, advertising, displaying, promoting and/or selling any counterfeit app or merchandise bearing Plaintiff's "陆金所" mark; and

     b. using any other false designation of origin or false description or representation of any other things calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that the Counterfeit App is in any way sponsored, licensed, or authorized by or affiliated or connected with Plaintiff; and

     c. unfairly competing with Plaintiff in any way; and

     d. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (c);

2. Direct Defendant to account to Plaintiff for its profits and order that Plaintiff recover their damages arising out of the aforesaid distribution or sale of the Counterfeit App in an amount to ascertained in the course of discovery, and a sum equal to three times such profits or damages (whichever is greater) pursuant to 15 U.S.C. § 1117 and 15 U.S.C. § 1126;

3. Direct Defendant to file with the Court and serve on counsel for Plaintiff within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1126(h), setting forth in detail the manner and form in which Defendant has complied with any injunction which the Court may enter in this action;

4. Award Plaintiff its reasonable attorneys' fees along with the costs and disbursements incurred herein as a result of Defendant's intentional and willful infringement, pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1126(h).

5. Any and all other relief, at law or equity, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

DATED: November 7, 2014        /s/ *Kris LeFan*
                                Counsel for Plaintiff

-10-